IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENDAN WELCH,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>JACOB PETERSON, OFFICER S. WOLF, #1393; OFFICER HAWKEN, # 1855; and OFFICER BARONE, #1853;<br><br>　　　　　　Defendants. | 4:24CV3009<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Brendan Welch ("Plaintiff") filed a pro se Complaint on January 22, 2024, Filing No. 1, which he supplemented on January 24, 2024, Filing No. 5, (collectively the "Complaint"). Plaintiff was granted leave to proceed in forma pauperis. Filing No. 6.

The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court finds that it is, and the case shall be dismissed without prejudice.

**I. SUMMARY OF COMPLAINT**

Plaintiff brings his Complaint pursuant to 42 U.S.C. § 1983. Filing No. 1 at 3. The subject matter of this case arises from Plaintiff's allegations of Fourth and Fifth Amendment violations as well as claims of malicious prosecution and harassment against officers S. Wolf ("Wolf"), Hawken and Barone of the Lincoln Police Department and Jacob Peterson, "Jailor or officer/deputy" of the Lancaster County Sheriff in their official and individual capacities. Filing No. 1 at 2–3; Filing No. 5 at 2–3.

In support of his claims, Plaintiff alleges that on January 9, 2024, between 1:08am and 3:40am, he was illegally searched and detained while attempting to obtain treatment

at Byran West Medical Center.  Filing No. 5 at 4.  Plaintiff further alleges addition violations occurring on January 15 and 16 of 2024, as follows:

> Despite written and two or more verbal warnings; that I do not consent to any searches and seizures; I was still illegally searched multiple times.  At the hospital when the illegal detention occurred; and again at Lancaster County Department of Corrections in Holding.  I am only rewriting this draft because all my property was stolen and illegally deprived without justification or warrant between the dates of 1/15/2024 and 1/16/2024 at the time window of between 6:00 and 6:40 pm.  I was also illegally fingerprinted and treated as a felon; which I am not. 4 to 5 officers or more were involved during the process; from initial contact at the hospital through the booking process at Lancaster County Department of Corrections/Detention Center.  I was illegally detained; questioned without an attorney multiple times despite objections being verbalized Privacy and Property rights enforced by the Constitution and Human Rights were both violated.  Further; I was intimidated and harassed by 4 officers at the hospital; despite just seeking help for my conditions both physical and mental.
>
> This is also malicious prosecution and abuse of power.

Filing No. 1 at 4.

As a result, Plaintiff alleges he has suffered "further frostbite" as well as mental distress and anxiety, a "loss of enjoyment and pain/suffering," and a risk of further injuries. Filing No. 5 at 5.  He seeks $100,000 in damages and reprimand and/or the suspension/termination of the defendants.  Id.

## II. APPLICABLE STANDARDS ON INITAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Plaintiff sues all defendants in their individual and official capacities. However, while the named defendants appear to meet the color of law standard, it is unclear from the majority of the pleadings what the nature of Plaintiff's claim or claims against each defendant is. Here, the Court undertakes a brief review of each ascertainable category of claims set forth in the Complaint.

### A. Official capacity claims

Plaintiff's suit against all defendants in their official capacities, all of whom are either employees of the City of Lincoln or Lancaster County, cannot proceed. Where claims are made against defendants in their official capacities such claims are construed as filed against the officers' employing entity, which here is the City of Lincoln or the County of Lancaster, Nebraska. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity." (citation omitted)).

3

Therefore, the first inquiry in any case alleging municipal liability under § 1983 is "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). To establish a municipal policy is at issue a plaintiff must point to "an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). Further, the plaintiff must establish that the policy was the "moving force" behind a constitutional violation. *Id.* (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

Here, as Plaintiff has not referenced a custom or policy, nor has he pleaded that a custom or policy was the moving force behind his claims, his official capacity claims against all defendants fail and shall be dismissed.

**B. Individual capacity claims**

Plaintiff also sues all defendants in their individual capacities, generally alleging constitutional violations arising from what Plaintiff characterizes as an illegal search and seizure of his person and personal property, malicious prosecution, and generalized harassment, occurring on January 9, 15 and 16, 2024. *See* Filing No. 1 at 4; Filing No. 5 at 4. The Complaint is so lacking in any connection between the defendants and the claims raised by Plaintiff, however, that all claims against all defendants in their individual capacities also must be dismissed.

It appears (although not entirely clear), that Plaintiff is homeless or at least is without a sheltered place to sleep, when the events at issue in the Complaint took place. However, while Plaintiff alleges that both on January 9 and January 15 he was seeking

4

treatment at Bryan West Medical Center, but was denied treatment, detained, and taken to the Lancaster County Detention Center, there is absolutely no factual connection between any of the named defendants and the factual allegations in the Complaint. In fact, the only mention of any of the defendants occurs in the caption of Plaintiff's Complaint and in the list of defendants. Filing No. 1 at 1–3; Filing No. 5 at 1–3.

For example, Plaintiff appears to allege an unlawful search and seizure claim, but it is unclear from the pleadings the circumstances under which the alleged search took place or the basis for its occurrence or what defendants participated in the search. As such, the Court is unable to determine which of the named defendants were involved in the alleged search, what was searched, and why.

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569–70 (2007); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999) ). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555).

At this point this Court is unable to ascertain the nature of Plaintiff's claims (aside from general claims of illegal search and seizure and malicious prosecution) and which defendant or defendants were involved in each alleged violation.  Nor can it be determined how or when any alleged violative incident took place, or what was the resulting harm.  As such, the Complaint is clearly deficient and subject to dismissal under 28 U.S.C. § 1915(e)(2).  As Plaintiff has already been granted leave to amend his Complaint, see Filing No. 12, but failed to do so, no further opportunity to amend shall be given and the matter shall be dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiffs' Complaint, Filing Nos. 1 and 5, is dismissed without prejudice.

2. The Court will enter a separate judgment consistent with this order.

Dated this 2nd day of January, 2025.

BY THE COURT:

*[signature: J F Bataillon]*

Joseph F. Bataillon
Senior United States District Judge